1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   GENE PAUL WHEATON,                    Case No.  2:22-cv-01434-JDP (PC)

11                  Plaintiff,             ORDER GRANTING PLAINTIFF'S
                                           APPLICATION TO PROCEED *IN FORMA*
12        v.                               *PAUPERIS*

13   J. McCROMBER, *et al.*,               ECF No. 4

14                  Defendants.            SCREENING ORDER THAT PLAINTIFF:

15                                             (1) STAND BY HIS COMPLAINT
                                               SUBJECT TO A
16                                             RECOMMENDATION OF
                                               DISMISSAL;
17
                                               (2) FILE AN AMENDED
18                                             COMPLAINT

19                                         ECF No. 1

20                                         THIRTY-DAY DEADLINE

21

22

23
         Plaintiff, a state prisoner, alleges that fourteen separate defendants violated their[1] rights by
24
affixing an "R-Suffix" to their name and by destroying their personal property.  The complaint is
25
deficient on two counts.  These two claims are insufficiently related to proceed together.
26

27       [1] Plaintiff alleges that they are transgender, but does not, as best I can tell, identify what
pronouns they desire be used.  I will use "they" in this order; plaintiff can identify the proper
28   pronouns in their next filing.

Additionally, plaintiff's complaint does not present a short and plain statement showing that they are entitled to any relief.  I will grant plaintiff leave to amend and grant their application to proceed *in forma pauperis*, ECF No. 4.

**Screening Order**

**I.       Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

1

**II.     Analysis**

2     Plaintiff alleges that defendants violated their rights by affixing an "R-Suffix" to their

3 prison file, thereby depriving them of various rights and privileges.  Most of the complaint is

4 devoted to this claim, but the complaint is difficult to understand insofar as it consists of

5 approximately twenty-five dense, unbroken pages that no defendant could be expected to

6 reasonably comprehend and respond to.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

7 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9 what the ... claim is and the grounds upon which it rests.'").  Moreover, plaintiff has appended a

10 claim for destruction and other loss of property that, as best I can tell, bears no relation to the

11 previous claim.  These claims are unsuited to proceed in the same action against multiple

12 defendants.  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff may file an amended complaint that remedies

13 these deficiencies.

14     If plaintiff decides to file an amended complaint, the amended complaint will supersede

15 the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

16 banc).  This means that the amended complaint will need to be complete on its face without

17 reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is

18 filed, the current complaint no longer serves any function.  Therefore, in an amended complaint,

19 as in an original complaint, plaintiff will need to assert each claim and allege each defendant's

20 involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint"

21 and refer to the appropriate case number.

22     Accordingly, it is ORDERED that:

23     1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

24     2.  Within thirty days from the service of this order, plaintiff must either file an amended

25 complaint or advise the court of their intent to stand by the current complaint subject to a

26 recommendation of dismissal.

27     3.  Failure to comply with this order may result in the dismissal of this action.

28     4.  The Clerk of Court is directed to send plaintiff a complaint form.

3

IT IS SO ORDERED.

Dated:    November 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4