UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE PAUL WHEATON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. McCROMBER, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01434-JDP (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

    On November 14, 2022, I screened plaintiff's complaint, notified them that it failed to state a claim, and gave them thirty days to file an amended complaint. ECF No. 14. To date, plaintiff has not filed an amended complaint.

    To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

    Plaintiff will be given a chance to explain why the court should not dismiss the case for their failure to file an amended complaint. Plaintiff's failure to respond to this order will

1

1  constitute a failure to comply with a court order and will result in a recommendation that this
2  action be dismissed.  Accordingly, plaintiff is ordered to show cause within twenty-one days why
3  this case should not be dismissed for failure to prosecute and failure to state a claim.  Should
4  plaintiff wish to continue with this lawsuit, they shall file, within twenty-one days, an amended
5  complaint.

IT IS SO ORDERED.

Dated:  December 22, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE