| | |
|---|---|
| GENE PAUL WHEATON,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MCCOMBER *et al.,*<br><br>  Defendants. | Case No. 2:22-cv-01434-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HER SECOND AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL;<br><br>(2) FILE A THIRD AMENDED COMPLAINT<br><br>ECF No. 13<br><br>THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner, brings this section 1983 case against four defendants at CSP-Sacramento. ECF No. 13 at 2. Her allegations are insufficiently plead, however. I will give plaintiff one final opportunity to amend before recommending that this action be dismissed.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **II.    Analysis**

21 Plaintiff alleges that a rape charge was placed in her "C-file" without due process, and,
22 because of that charge, other inmates attacked her. ECF No. 13 at 3. These allegations
23 allegations are too vague and conclusory to proceed, however, because they do not allege how
24 each defendant was responsible for this violation. Indeed, none of the defendants are mentioned
25 by name in the body of the complaint. Accordingly, the complaint does not adequately put each
26 defendant on notice as to what claims are being made against him or her.

27 I will offer plaintiff one final chance to amend. She is advised that the amended
28 complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896,

907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

    Accordingly, it is ORDERED that:

    1. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If she does not, I will recommend that this action be dismissed for failure to state a claim.

    2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   March 3, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE