1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   GENE PAUL WHEATON,                    Case No.  2:22-cv-01434-JDP (PC)

11              Plaintiff,                 ORDER

12        v.

13   J. MCCOMBER, *et al.*,

14              Defendants.

15

16

17

18

19

20        Plaintiff, a state prisoner, has filed a third amended complaint alleging that defendants

21   violated his Eighth Amendment rights by assigning him an "R-Suffix" prisoner classification,

22   thereby causing him to be attacked by unknown assailants.  ECF No. 18 at 3.  This allegation fails

23   to state a cognizable claim; I will give plaintiff one final opportunity to amend before

24   recommending that this action be dismissed.

25

26

27

28

1

2
**Screening Order**

3
**I.        Screening and Pleading Requirements**

4
A federal court must screen a prisoner's complaint that seeks relief against a governmental

5
entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

6
claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

7
claim upon which relief may be granted, or seeks monetary relief from a defendant who is

8
immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9
A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10
Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11
face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12
require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13
662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14
possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15
identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16
1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17
give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18
n.2 (9th Cir. 2006) (en banc) (citations omitted).

19
The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20
U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22
would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23
However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24
of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25
1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26

27

28
2

1

2       **II.     Analysis**

3           Plaintiff alleges that sometime in 2018 he was assigned an "R-Suffix" by the "ICC/UCC

4   committee" at California State Prison-Sacramento.  ECF No. 18 at 3.  He claims that he suffered

5   an unprovoked attack by other inmates because of this designation.  *Id.* at 8. These allegations do

6   not state a viable Eighth Amendment claim.  To state a viable Eighth Amendment failure to

7   protect claim, plaintiff must allege facts demonstrating that (1) he faced a "substantial risk of

8   serious harm" to his health or safety, and (2) that defendants were deliberately indifferent to those

9   risks.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  To establish deliberate indifference

10  plaintiff must show that the defendants knew of and disregarded a substantial risk of serious harm

11  to his health and safety.  *Id.*  Here, plaintiff has not alleged any specifics about the attack or what

12  knowledge any defendant had about it.  Instead, he alleges legal conclusions like "[defendants]

13  personally knew of those risk[s], but failed to prevent them."  ECF No. 18 at 8.  Such bare

14  allegations are insufficient to meet pleading standards.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

15  (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,'

16  but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

17  Indeed, plaintiff alleges that his assailants were "unknown" and "unprovoked," thus it is uncertain

18  how he knows that defendants knew of and were positioned to prevent the attack or even whether

19  the attack was premised on his new classification.  ECF No. 18 at 11.  Such omissions are fatal to

20  his failure to protect claim.  *See Adams v. Cal. Men's Colony State Prison*, NO. CV 19-8857-SB

21  (AGR), 2020 U.S. Dist. LEXIS 248100, *11 (C.D. Cal. Dec. 2020) (collecting cases and noting

22  that "[n]umerous courts have found that an inmate does not state an Eighth Amendment failure-

23  to-protect claim based on his R suffix classification absent facts showing that other inmates were

24  aware of his R suffix and that the defendants were aware of specific threats to him").

25          I note that plaintiff does not appear to raise a due process claim related to the affixation of

26  the "R-Suffix."  Even if such a claim could be inferred, however, it would not be cognizable

27  based on the allegations here.  Assuming that the designation with the suffix invokes a protected

28  liberty interest, plaintiff has not alleged that he was denied the procedural protections required

under the Due Process clause.  Those protections are: (1) written notice of the charges at least 24 hours prior to the hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the classification decision; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases.  *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).  Plaintiff has not alleged any deprivation of the foregoing procedures with particularity.

Given that plaintiff's first and second amended complaints were filed together, I will grant him one additional and final opportunity to amend before recommending this action be dismissed.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will issue findings and recommendations that the complaint be dismissed for failure to state a cognizable claim.

2.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   __May 17, 2023__                               _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

4