UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE PAUL WHEATON,<br><br>Plaintiff,<br><br>v.<br><br>J. MCCOMBER, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01434-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 23 |

    Plaintiff, a state prisoner, has filed a fourth amended complaint alleging that defendants violated his Eighth and Fourteenth Amendment rights by assigning him an "R-Suffix" prisoner classification, thereby causing him to be attacked by unknown assailants. ECF No. 23 at 11. This allegation fails to state a cognizable claim, and I now recommend that this action be dismissed.

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that he was assigned an "R-Suffix" by defendants Vanenburg, Baughman, Alazar, and Pulley in April 2015. ECF No. 23 at 11. Six years later, on December 19, 2021, he allegedly suffered an unprovoked attack by other inmates because of this designation. *Id.* These allegations do not state a viable Eighth Amendment claim. To state a viable Eighth Amendment failure-to-protect claim, plaintiff must allege facts demonstrating that (1) he faced a "substantial risk of serious harm" to his health or safety, and (2) that defendants were deliberately indifferent to those risks. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To establish deliberate indifference plaintiff must show that defendants knew of and disregarded a substantial risk of serious harm to his health and safety. *Id.* Given that the attack occurred more than six years after the designation, plaintiff has not made a credible allegation that defendants knew about the substantial risk to plaintiff's safety when the "R-Suffix" was assigned.

Neither can plaintiff maintain a due process claim based on the assignment of the suffix. Inmates have no liberty interest in a particular classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). And, even if plaintiff could show that he had a liberty interest in avoiding this classification, he has failed to allege facts showing that he did not receive the process he was due. He broadly alleges that the decision to affix the suffix was wrong and arbitrary, but does not otherwise allege that he was due some specific procedure he did not receive. *See Hogg v. Cox*, 656 F. App'x 374, 374 (9th Cir. 2016) (finding dismissal proper where plaintiff "failed to allege facts sufficient to show that his classification as a sex offender implicated a liberty interest and that he was denied procedural due process protections prior to his classification . . . ."). Assuming classification implicates a liberty interest, the only process plaintiff was due was written notice of the decision to classify him as a sex offender and a notification as to the reasons for the classification. *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). As best I can tell, plaintiff does not allege he did not receive these protections. If he did not receive these protections, he may allege as much in any objections to these findings and recommendations.

This is now plaintiff's fourth amended complaint; the case has been pending at the screening stage since August 2022. This counsels against granting further opportunities to

amend.

Accordingly, the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the Fourth Amended Complaint, ECF No. 23, be DISMISSED without further leave to amend and for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4